UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ELDON A. GRESHAM (a/k/a ELDON A. GRESHAM, JR.) d/b/a THE GRESHAM COMPANY,<br><br>Defendant,<br><br>and<br><br>WERNER H. BEIERSDOERFER, ELAINE BEIERSDOERFER, INTERVESTON WINES, LLC, and KIRK M. GRESHAM,<br><br>Relief Defendants. | CASE NO. 3:09-cv-00075-JTC |

**CONSENT ORDER OF DISGORGEMENT AND OTHER ANCILLARY RELIEF AGAINST RELIEF DEFENDANT KIRK M. GRESHAM**

On December 21, 2009, plaintiff U.S. Commodity Futures Trading Commission (CFTC) filed a First Amended Complaint for Injunctive Relief, Civil Monetary Penalties, and Other Equitable Relief (First Amended Complaint) [DE# 68] in this action against defendant Eldon A. Gresham

(a/k/a Eldon A. Gresham, Jr.) d/b/a The Gresham Company (Gresham) and relief defendants Werner H. Beiersdoerfer (Beiersdoerfer); Interveston Wines, LLC (Interveston); and Kirk M. Gresham (Kirk Gresham), which seeks injunctive and other equitable relief for violations of the Commodity Exchange Act (Act), 7 U.S.C. §§ 1 *et seq.* (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 (CRA)), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008).

## I. CONSENTS AND AGREEMENTS

To effect settlement of all matters alleged in the First Amended Complaint as to relief defendant Kirk Gresham, without a trial on the merits, any further judicial proceedings, or presentation of any additional evidence, relief defendant Kirk Gresham:

1. Consents to the entry of this Consent Order of Disgorgement and Equitable Relief (the Consent Order);

2. Affirms that he has read and agreed to this Consent Order voluntarily, and that no threat or promise has been made by the CFTC or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order, other than as set forth specifically herein;

3. Acknowledges service of the Summons and First Amended Complaint;

4. Admits that this Court has jurisdiction over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006);

5. Admits that venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006);

6. Waives:

a) any and all claims that he may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2006) and 28 U.S.C. § 2412 (2006), and/or Part 148 of the CFTC Regulations, 17 C.F.R. 148.1 *et seq.* (2010), relating to or arising from this action;

b) any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121 §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to or arising from this action;

c) any claim of double jeopardy based upon the institution of this proceeding or the entry in this proceeding of any order imposing a civil monetary penalty or any other relief; and

d) any and all rights of appeal from this Consent Order;

7. Neither admits nor denies the allegations of the First Amended Complaint or the Stipulated Facts and Conclusions of Law set forth in Part II of this Consent Order; except as to jurisdiction and venue, which he admits;

8. Although neither admitting nor denying any such allegations, agrees and intends that all of the allegations of paragraph 19 of this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, in the course of any proceeding to enforce this Consent Order;

9. Agrees and intends that all the Stipulated Facts and Conclusions of Law contained in Part II of this Consent Order shall be taken as true and correct and be given preclusive effect, without further proof, as it relates to Kirk Gresham, in the course of any current or subsequent bankruptcy proceeding filed by, on behalf of, or against any person named as a defendant or relief defendant in this proceeding;

10. Agrees to cooperate with CFTC staff in the continuing litigation of this matter against any defendant or relief defendant not a party to this Consent Order. As part of such cooperation, relief defendant Kirk Gresham agrees, subject to all applicable privileges, to comply fully, promptly, and truthfully to any inquiries or requests for information or testimony, including but not limited to, testifying completely and truthfully in this action and producing statements or trial declarations to the CFTC related to any trial of the subject matter of this proceeding. Further, undersigned counsel for relief defendant Kirk Gresham agrees to accept service of any notices, subpoenas, or other filings related to Kirk Gresham in this action; and

11. Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the First Amended Complaint or findings or conclusions in this Consent Order, or creating, or tending to create, the impression that the First Amended Complaint or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect relief defendant Kirk Gresham's: (a) testimonial obligations; or (b) or right to take legal positions in other proceeding to the which the CFTC is not a party. Relief defendant Kirk Gresham shall take all necessary steps to ensure that all of his agents and employees under his authority or control understand and comply with this agreement.

## II. STIPULATED FACTS AND CONCLUSIONS OF LAW

12. The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court—without making any findings as to the Stipulated Facts and Conclusions of Law set forth herein—directs the entry of the Stipulated Facts and Conclusions of Law and equitable relief, pursuant to § 6c of the Act, 7 U.S.C. § 13a-1 (2006), as set forth herein.

13. This Consent Order shall not bind any party who is not a signatory hereto.

**A. Jurisdiction and Venue**

14. Section 6c(a) of the Act, 7 U.S.C. § 13a-1 (2006), authorizes the CFTC to seek injunctive relief against any person whenever it shall appear to the CFTC that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of the Act or any rule, regulation, or order thereunder.

15. The CFTC has jurisdiction over the off-exchange foreign currency (forex) transactions at issue in this case pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006), and Section 2(c)(2) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 2(c)(2).

16. Venue properly lies with the Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006), because the transactions, acts, practices, and courses of business in violation of the Act, as amended by the CRA, occurred within this District.

**B. Parties to the Consent Order**

17. Plaintiff **U.S. Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with responsibility for administering and enforcing the Act, as amended by the CRA, 7 U.S.C. §§ 1 *et seq.* (2006), and the CFTC Regulations promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2010). The CFTC maintains it principal office at Three

Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

18. Relief defendant **Kirk M. Gresham** is an individual residing in Newnan, Georgia.

**C. Relief Defendant Liability**

19. Although neither admitting nor denying any such allegations, the parties agree and intend that the allegations of this paragraph 19 shall be taken as true and correct and be given preclusive effect, without further proof, in the course of any proceeding to enforce this Consent Order. Defendant Eldon A. Gresham, Jr. engaged in fraudulent conduct that violated Section 4b(a)(2)(A)-(C) of the Act, as amended by the CRA, to be codified at 7 U.S.C.§ 6b(a)(2)(A)-(C). Relief defendant Kirk Gresham, who is not accused of any wrongdoing in this action, received at least $45,000 from defendant Eldon A. Gresham, Jr., that was generated unbeknownst to relief defendant Kirk Gresham from defendant Eldon A. Gresham, Jr.'s fraudulent conduct. These funds constitute ill-gotten gains to which relief defendant Kirk Gresham does not have a legitimate claim. Relief defendant Kirk Gresham must, therefore, disgorge these ill-gotten gains.

## III. ORDER FOR DISGORGEMENT AND OTHER ANCILLARY RELIEF

**IT IS NOW HEREBY ORDERED THAT:**

**Appointment of the Monitor**

20. To effect payment of disgorgement by relief defendant Kirk Gresham and distribution of such disgorgement, the National Futures Association (NFA) is appointed as Monitor (Monitor). The Monitor shall collect disgorgement payments from relief defendant Kirk Gresham, place those payments in an interest-bearing account, and make distributions as set forth below. Because the Monitor is not being specially compensated for these services, and these services are outside the normal duties of the Monitor, the Monitor shall not be liable for any action or inaction arising from its appointment as Monitor, other than actions involving fraud.

**Disgorgement Obligation**

21. Relief defendant Kirk Gresham shall pay disgorgement in the amount of $45,000, plus post-judgment interest, to the Gresham customers identified in Attachment A.[1] All of relief defendant Kirk Gresham's disgorgement obligation is immediately due and owing.

22. Relief defendant Kirk Gresham's initial disgorgement payment

[1] This list is subject to change as additional information regarding the identification of Gresham's customers becomes available.

shall consist of all money in the frozen accounts referenced in paragraph 24 below. If the amount of funds ultimately collected from these frozen accounts is less than $45,000, Kirk Gresham shall pay any shortfall to the Monitor within ten (10) days of being notified of such shortfall.

23. Post-judgment interest shall accrue beginning ten (10) days after the Monitor notifies relief defendant Kirk Gresham of any shortfall per paragraph 21 and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order, pursuant to 28 U.S.C. § 1961(a).

24. Upon issuance of this Consent Order, the CFTC shall promptly provide each of the financial institutions identified in this paragraph with a copy of this Consent Order. Within thirty (30) days of receiving a copy of this Consent Order, each of the financial institutions identified in this paragraph are specifically directed to liquidate and release all funds in any account number identified below, whether the account is held singly or jointly, or in any other capacity, and to convey by wire transfer to an account designated by the Monitor, all funds in these accounts, less any amounts required to cover the financial institutions' outstanding administrative or wire transfer fees. At no time during the liquidations, release, and/or wire transfer of these funds pursuant to this Consent Order shall relief defendant Kirk Gresham be afforded any access to, or be provided with, any funds from these accounts. Relief defendant

Kirk Gresham and all banks and financial institutions listed in this Consent Order, shall cooperate fully and expeditiously with the CFTC and Monitor in the liquidation, release, and wire transfer of these funds. The accounts to be liquidated, released, and transferred are:

| Name | Financial Institution | Account Number | Approx. Balance (as of October 6, 2010) |
|---|---|---|---|
| Kirk and Pam Gresham | Regions Bank | ******96 | $18,556.77 |
| Kirk and Pam Gresham | Regions Bank | ********11 | $2,221.90 |
| Kirk and Pam Gresham | Regions Bank | *******25 | $514.91 |
| KPD Resources, LLC | Regions Bank | ********89 | $2,996.83 |
| KPD Resources, LLC | Regions Bank | ********05 | $6,644.64 |
| Kirk Gresham | FXCM | *****95 | $9,865.70 |
| Kirk Gresham | FXCM | ******93 | $1,802.77 |
| Kirk Gresham | FXCM | ******73 | $ 410.57 |
| KPD Resources, LLC | Gain Capital | *******63 | $16.27 |
| KPD Resources, LLC 2 | Gain Capital | *******73 | $3.04 |
| KPD Resources, LLC 3 | Gain Capital | *****15 | $4.84 |
| KPD Resources, LLC 3 | Gain Capital | *******15 | $4.27 |

25. Relief defendant Kirk Gresham shall make any subsequent disgorgement payment under paragraph 21 of this Consent Order in the name "Gresham Settlement Fund" and shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to Office of Administration, National Futures Association, 300 Riverside Plaza, Suite 1800, Chicago, Illinois 60606, under cover letter that identifies the paying relief defendant and the name and docket number of the proceeding. Relief defendant Kirk Gresham shall simultaneously transmit copies

of the cover letter and the form of payment to the CFTC per paragraph 29.

26. The NFA, as Monitor, shall oversee relief defendant Kirk Gresham's disgorgement obligations and shall have discretion to determine the manner for distribution of funds in an equitable fashion to the Gresham customers identified in Attachment A, as appropriate, or may defer distribution until such time as it deems appropriate.

27. Any acceptance by the CFTC and/or Monitor of partial payment of the disgorgement obligation shall not be deemed a waiver of relief defendant Kirk Gresham's requirements to make further payments pursuant to this Consent Order or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

## IV. MISCELLANEOUS PROVISIONS

28. The equitable relief provisions of this Consent Order shall be binding upon relief defendant Kirk Gresham and any person who is acting in the capacity of his officer, agent, employee, servant, or attorney, as well as any person acting in active concert or participation with him who receives actual notice of this Consent Order by personal service or otherwise.

29. Notice: All notices required to be given by any provision in this Consent Order shall be sent via certified mail, return receipt requested, as follows:

Notice to the CFTC:

Division of Enforcement
Eldon A. Gresham (Case No. 3:09-cv-00075-JTC; N.D. Ga.)
U.S. Commodity Futures Trading Commission
Two Emanuel Cleaver II Blvd., Suite 300
Kansas City, MO 64112-1764

Notice to Kirk Gresham:

c/o Richard A. Rice, Jr.
The Rice Law Firm, LLC
One Securities Centre, Suite 1050
3490 Piedmont Road, NE
Atlanta, GA 30305

All such notices to the CFTC shall reference the name and docket number of this action.

30. Change of Address/Phone: In the event that Kirk Gresham changes his telephone number and/or address at any time while his disgorgement obligation remains unpaid, Kirk Gresham shall provide written notice of the new number and/or address to the CFTC within ten (10) calendar days thereof.

31. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

32. Invalidation: If any provision of this Consent Order or if the

application of any provisions or circumstances is held invalid, the remainder of the Consent Order and the application of the provisions to any other person or circumstance shall not be affected by the holding.

33. Waiver: The failure of any party hereto at any time or times to require performance of any provision hereof shall in no manner affect the right of such party at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

34. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this case to assure compliance with this Consent Order and for all other purposes related to this action—even if Kirk Gresham now or in the future residues outside of this jurisdiction—including any motion by relief defendant Kirk Gresham to modify or for relief from the terms of this Consent Order.

35. Counterparts and Facsimile Execution: This Consent Order may be executed in two counterparts, which together shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties and delivered (by facsimile or otherwise) to the other party, it being understood that all parties need not sign the same

counterpart. Any counterpart or other signature to this agreement that is delivered by facsimile or otherwise shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

IT IS SO ORDERED, this 30 day of March, 2011.

UNITED STATES DISTRICT JUDGE

Kirk M. Gresham
Relief Defendant

Date: DECEMBER 16, 2010

Richard A. Rice, Jr.
The Rice Law Firm, LLC
One Securities Centre, Suite 1050
3490 Piedmont Road, NE
Atlanta, GA 30305

Attorney for Relief Defendant
Kirk M. Gresham

Date: 12-16, 2010

Sally Quillian Yates
United States Attorney
Mina Rhee
Assistant U.S. Attorney
United States Attorney's Office
for the Northern District of Georgia
75 Spring St., SW, Suite 600
Atlanta, GA 30303
(404) 581-6302
(404) 581-6163 (fax)
Mina.Rhee@usdoj.gov
Georgia Bar No. 602047

Rachel Hayes
Missouri Bar No. 48713
Margaret P. Aisenbrey
Missouri Bar No. 59560
Charles D. Marvine
Missouri Bar No. 44906
U.S. Commodity Futures Trading Commission
Division of Enforcement
Two Emanuel Cleaver II Blvd.,
Suite 300
Kansas City, MO 64112
816-960-7741 (Hayes)
816-960-7749 (Aisenbrey)
816-960-7743 (Marvine)
816-960-7750 (fax)
rhayes@cftc.gov
maisenbrey@cftc.gov
cmarvine@cftc.gov

Attorneys for Plaintiff

Dated: March 15, ~~2010~~ 2011 MPA.